# EXHIBIT A



# Service of Process Transmittal
12/03/2020
CT Log Number 538684631

| | |
|---|---|
| **TO:** | Ruth Saunders<br>CitiMortgage, Inc.<br>1000 Technology Dr, Legal Dept. - Mail Station 140<br>O Fallon, MO 63368-2240 |
| **RE:** | **Process Served in Maryland** |
| **FOR:** | Citimortgage, Inc.  (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAMAAL MCCALLISTER, PLTF. vs. CITIMORTGAGE, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 24C20004332LP |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Incorporated, Lutherville Timonium, MD |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/03/2020 at 10:43 |
| **JURISDICTION SERVED:** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2020, Expected Purge Date: 12/08/2020<br><br>Image SOP |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Incorporated<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# LAW OFFICE OF
# EVAN K. THALENBERG, P.A.

216 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

TELEPHONE: 410-625-9100
TOLL FREE: 800-778-1181
FACSIMILE: 410-625-9200

Evan K. Thalenberg
Cara L. O'Brien
Avalon S. Brandt
Matthew B. Thompson
Robert J. Leonard**
Andrew P. Gross*
Christopher D. Wright
Stephen M. Boyer

*Also admitted in DC
**Also admitted in DC and VA

December 1, 2020

**_Via Hand Delivery_**
Citimortgage, Inc.
as Successor in Interest by Merger to Citifinancial Mortgage Company, Inc.
SERVE ON:   Resident Agent
            The Corporation Trust Incorporated
            2405 York Road, Suite 201
            Lutherville Timonium, Maryland 21093

Re:   Jamaal McCallister v. Citimortgage, Inc., et al.
      Case No.: 24-C-20-004332

To Whom it May Concern:

Please regard the enclosed Writ of Summons and Complaint as service upon you in the above-captioned case. The failure to file a responsive pleading may result in a default judgment.

Furthermore, enclosed you will also find Interrogatories, Request for Admission of fact and Request for Production of Documents. Please forward your answers and any and all documents in this matter to my office.

Please be further advised that we understand that, during the COVID-19 pandemic, this is a difficult time for everyone. We are sensitive to that but must nevertheless continue to represent our clients as the courts have not extended deadlines for filing lawsuits and serving defendants. If you require additional time to respond to the lawsuit, and you are not already represented by an attorney, please do not hesitate to contact our office and we will work with you in that regard, if possible. In doing so, you must be aware that we represent the Plaintiff named above in a lawsuit against you so we are not neutral or disinterested in the proceeding. Thank you for your attention and anticipated cooperation.

Very truly yours,

Cara L. O'Brien

CLO/slm
Enclosure

# LAW OFFICE OF
# EVAN K. THALENBERG, P.A.

216 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202

TELEPHONE: 410-625-9100
TOLL FREE: 800-778-1181
FACSIMILE: 410-625-9200

Evan K. Thalenberg
Cara L. O'Brien
Avalon S. Brandt
Matthew B. Thompson
Robert J. Leonard**
Andrew P. Gross*
Christopher D. Wright
Stephen M. Boyer

*Also admitted in DC
**Also admitted in DC and VA

December 1, 2020

**_Via Hand Delivery_**
Citimortgage, Inc.
as Successor in Interest by Merger to Citifinancial Mortgage Company, Inc.
SERVE ON:   Resident Agent
            The Corporation Trust Incorporated
            2405 York Road, Suite 201
            Lutherville Timonium, Maryland 21093

Re:   Jamaal McCallister v. Citimortgage, Inc., et al.
      Case No.: 24-C-20-004332

To Whom it May Concern:

Please be advised that the Plaintiffs wish to inspect the property which is the subject of the Complaint that was brought against you. Additionally, please provide our office with dates for your deposition, as well as any witnesses you intend to call at the trial of this matter.

Please be further advised that we understand that, during the COVID-19 pandemic, this is a difficult time for everyone. We are sensitive to that but must nevertheless continue to represent our clients as the courts have not extended deadlines for filing lawsuits and serving defendants. If you require additional time to allow inspection of the property and provide dates for your deposition and the witnesses you intend to call at trial, and you are not already represented by an attorney, please do not hesitate to contact our office and we will work with you in that regard, if possible. In doing so, you must be aware that we represent the Plaintiff named above in a lawsuit against you so we are not neutral or disinterested in the proceeding. Thank you for your attention and anticipated cooperation.

Very truly yours,

Cara L. O'Brien

CLO/slm

```
                    CIRCUIT COURT FOR BALTIMORE CITY
                             Marilyn Bentley
                         Clerk of the Circuit Court
                              Courthouse East
                          111 North Calvert Street
                                  Room 462
                            Baltimore, MD 21202-
              (410)-333-3722, TTY for Deaf: (410)-333-4389
```

WRIT   OF   SUMMONS   ( P r i v a t e   P r o c e s s )
Case Number: 24-C-20-004332 LP
C I V I L

Jamaal McCallister Vs CitiMortgage, Inc, Et Al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

```
       To: CITIMORTGAGE, INC
Serve On: The Corporation Trust Incorporated
          300 E Lombard St.
          Baltimore, MD 21202
```

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached Complaint filed by:   Jamaal McCallister
1026 E. 20th Street
Baltimore, MD

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued:   10/22/20

Marilyn Bentley
Clerk of the Circuit Court     per   LT

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

| | |
|---|---|
| JAMAAL MCCALLISTER<br>1026 E. 20th Street<br>Baltimore, Maryland | *   THE |
| | *   CIRCUIT COURT |
| **Plaintiff** | *   FOR |
| v. | *   BALTIMORE CITY |
| CITIMORTGAGE, INC.<br>As Successor in Interest by Merger to<br>CITIFINANCIAL MORTGAGE COMPANY, INC.<br>MS 140<br>1000 Technology Drive<br>O'Fallon, Missouri 63304<br>SERVE ON:  Resident Agent<br>           The Corporation Trust Incorporated<br>           2405 York Road, Suite 201<br>           Lutherville Timonium, Maryland 21093 | *   CASE NO: _____<br>*   JURY TRIAL PRAYED |
| and | |
| CITIFINANCIAL MORTGAGE CO. INC.<br>101 Merritt 7, 1st. Fl.<br>Norwalk, Connecticut 06851<br>SERVE ON:  Resident Agent<br>           The Corporation Trust Incorporated<br>           300 E. Lombard Street<br>           Baltimore, Maryland 21202 | |
| and | |
| CMINY, INC.<br>As Successor in Interest by Merger to<br>CITIMORTGAGE, INC.<br>MS 140<br>1000 Technology Drive<br>O'Fallon, Missouri 63304<br>SERVE ON:  Resident Agent<br>           2405 York Road<br>           Suite 201<br>           Lutherville Timonium, Maryland 21093 | |
| and | |

ELLA J. ROBINSON *
502 N. Independence Avenue, Apt. 10
Independence, Virginia 24348 *

and *

WALTER JOHNSON *
6910B Windsor Mill Road
Gwynn Oak, Maryland 21207 *

and *

PATRICIA JOHNSON *
6910B Windsor Mill Road
Gwynn Oak, Maryland 21207 *

**Defendants** *

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND ELECTION FOR JURY TRIAL

COMES NOW Plaintiff, Jamaal McCallister, by and through his attorneys, Matthew B. Thompson, Cara L. O'Brien, and Evan K. Thalenberg, P.A., and sues the above-captioned Defendants and as grounds therefore respectfully submits:

### FACTS ALLEGED

1.  There is one Plaintiff in this suit: Jamaal McCallister, born on November 8, 2001.

2.  This is an action for lead-paint exposure wherein Plaintiff advances claims for injuries sustained from exposure to and ingestion of lead-based paint at the properties named herein. Plaintiff brings this lawsuit on the theories of negligence, negligent misrepresentation, and private nuisance.

3.  Plaintiff, as indicated, resided, visited, spent significant amounts of time and was exposed to lead-based paint at the following address located in Baltimore City, Maryland:

    (a) Jamaal McCallister resided, visited, and spent significant amounts of time at 1235 N. Bentalou Street, Baltimore, Maryland from approximately 2001 through approximately

2004. Defendants named in conjunction with this property are Citimortgage, Inc. as Successor in Interest by Merger to Citifinancial Mortgage Company, Inc., Citifinancial Mortgage Co. Inc., CMINY, Inc. as Successor in Interest by Merger to Citimortgage, Inc., and Ella J. Robinson.

(b) Jamaal McCallister resided, visited, and spent significant amounts of time at 2008 Penrose Avenue, Baltimore, Maryland from approximately 2004 through approximately 2006. Defendants named in conjunction with this property are Walter Johnson and Patricia Johnson.

4. For the sake of clarity and economy, Plaintiff will incorporate by reference the information contained in paragraphs 3(a) and 3(b) into each of the following counts. If there is more than one Defendant named for any particular property, Plaintiff wishes to make it clear that he is claiming against the multiple Defendants jointly and severally.

## COUNT ONE
## NEGLIGENCE

5. Plaintiff incorporates in this Count those facts set forth and alleged in all other Counts herein, as well as in the "Facts Alleged" section hereinabove, intending that each and every such allegation be deemed part hereof as if the same were repeated herein. It is alleged that Plaintiff, as particularly identified in paragraphs 3(a) and 3(b) resided or visited and spent significant periods of time at the property identified in paragraphs 3(a) and 3(b) for the time periods identified in paragraphs 3(a) and (b). Plaintiff avers that the premises referred to hereinabove were owned, operated and controlled by Defendants named in respect to the property in paragraphs 3(a) and (b) during Plaintiff's residency or time spent at the address. It is further asserted that the particularly-named Defendants managed, supervised, maintained and rented to Plaintiff and/or his immediate and/or extended family the aforementioned premises.

6. Plaintiff avers that at the time he resided or spent time at the property, Defendants knew or, by the exercise of due care, were impressed with the knowledge that minor children, including infants, such as Plaintiff herein, would reside, visit, and spend significant amounts of time at the property, it being understood by and between Plaintiff and/or Plaintiff's family and Defendants herein, that infants and other minor children could and would reside in the premises.

7. Plaintiff alleges that Defendants, as well as agents, servants and/or employees of Defendants, caused and/or allowed the continued existence of peeling, flaking and chipping paint and paint containing lead pigment to be present on the walls, woodwork, doors, door frames, window sills, common areas and other areas of the premises thereby rendering the building and premises unsafe and dangerous as well as unfit for human habitation, especially for children such as Plaintiff. During the years that Plaintiff resided or spent time at the premises owned by Defendants, he ingested and consumed paint, and paint dust which was known, or by the exercise of due care, should have been known to Defendants to contain lead pigment and lead, thereby causing Plaintiff to suffer severe and unremitting illness, injury and infirmities hereinafter set forth. Plaintiff asserts that all of the injuries, damages and infirmities and permanent disabilities sustained by him are due to the following:

(a) The violation by Defendants of statutes, rules and regulations, including, but not limited to, Article 13, Sections 702, 706, Baltimore City Code, 1976, requiring every dwelling and every part thereof to be maintained by the owner and operator so as to be fit for human habitation and prohibiting the use of paint for interior painting at any dwelling or dwellings, unless such paint is free from any lead pigment. Defendants are liable for said violations under Sections of that Code including but not limited to 105(hh), 105(jj) and 310.

(b) The violation by Defendants of statutes, rules and regulations, including, but not limited to, Article 13, Section 703(c), Baltimore City Code, 1976, requiring that all walls, ceilings, woodwork, doors, and windows be kept clean and free of any loose or peeling paint and paper and Section 1001 which prohibits the leasing of a rental property which is not in compliance with that Code. Defendants are liable for said violations under Sections of that Code including but not limited to 105(hh), 105 (jj) and 310.

(c) The violation by Defendants of statutes, rules and regulations, including, but not limited to, (1) Part II, Chapter 1, Section 113.21 of the Building, Fire and Related Codes of Baltimore City requiring owners and operators of a property to comply with all provisions of the aforementioned code and rendering them liable for all violations of the aforementioned code in connection with any land, structure, matter or thing owned or controlled by them; (3) Part II, Chapter 1, Section 113.26 stating on foreclosure, or sale in lieu of foreclosure, the buyer acquires ownership responsibility when the sale is ratified, and takes title subject to any outstanding notices; and (4) Part VII, Chapter 3, Section 301.2.1 of the Baltimore City Property Maintenance Code naming each owner and the operator of any premises as responsible for maintaining all structures and exterior property areas in compliance with all requirements of the aforementioned Code.

(d) The violation by Defendants of the relevant portions of the Building, Fire and Related Codes of Baltimore City including, but not limited to, Part VII, Chapter 3, Sections 301.4 and 303.19 of the Baltimore City Property Maintenance Code requiring that all lead hazards be abated and that all interior surfaces, including floors, walls, ceilings, windows, and doors, must be maintained in good, clean, and sanitary condition. Peeling, chipping, flaking, or abraded paint must be repaired, removed, or covered. Cracked or loose plaster, decayed wood, and other defective surface conditions must be corrected.

(e) The ongoing negligence of Defendants in causing, permitting and allowing the premises to become and remain in an unsafe condition despite having the statutory ability to inspect and conduct repairs pursuant to the Building Fire and Related Code of Baltimore City, Part VII, Chapter 3, Section 301.2.2.

(f) The violation by the Defendants of statutes, rules and regulations, including, but not limited to Maryland Reduction of Lead Risk in Housing Act, Md. Code Ann. Environment Art. §6-815 requiring that the Defendants both register the affected property with the Maryland Department of The Environment as well as satisfy the risk reduction standards.

(g) The violation by the Defendants of statutes, rules and regulations, including, but not limited to Maryland Reduction of Lead Risk in Housing Act, Md. Code Ann. Environment Art. §6-817 requiring the Defendants to ensure satisfaction of the lead risk-reduction standard in the property.

(h) The fact that notice was provided to Defendants and their duly authorized agents, servants and/or employees of the flaking condition of the paint at the premises. Further, Defendants had actual notice of the hazardous condition and nevertheless permitted this dangerous condition to go unrepaired and failed in their duty to warn Plaintiff and his family of the dangerous and defective condition of the properties and the lead paint therein. It is alleged that Plaintiff accumulated dangerous levels of lead poisoning in his body as a direct and proximate result of the failure on the part of Defendants to maintain the premises in a safe condition, avoiding the presence of toxic materials which were accessible to Plaintiff.

(i) Plaintiff being exposed to an unreasonable risk of serious bodily harm and permanent injury by the application and/or continued use of paint and paint products containing lead pigment and lead, when Defendants herein actually knew or by the exercise of due care, had

reason to know and should have known of the dangerous properties of the paint which were not known to Plaintiff and were not and could not have been discoverable by Plaintiff herein in the exercise of reasonable care.

(j) The failure of Defendants to exercise, on an ongoing basis, reasonable care in the proper maintenance of the premises including, but not limited to, the walls, woodwork, doors, door frames, windows and window sills as well as other areas, and in a continuous failure to undertake suitable and adequate means to eradicate the aforesaid danger caused by ongoing and unremitting flaking, peeling, cracking and the deterioration of the lead paint referred to hereinabove.

(k) The utilization of, application of, and the permitting of the lead paint to remain within the premises, making same unsafe and dangerous as a place for human residence, especially unsafe for the residence of infants and young children such as Plaintiff herein.

(l) The ongoing failure on the part of Defendants herein to use reasonable and prudent care to inspect, test and maintain the premises as well as remove and eradicate said lead paint which Defendants knew or by the exercise of due care, should have known had been used and applied in the premises. Plaintiff asserts and alleges that reasonable inspection and/or testing would have resulted in a confirmation of the presence of lead paint. Further, Plaintiff herein alleges that Defendants herein received express notice of the presence of lead paint and the ongoing condition of the premises including, specifically, the presence of flaking, peeling and cracking paint and walls containing lead pigment and lead. Defendants knew, or by the exercise of due care, should have known that the continued use and existence of the premises as they were maintained, rendered it an inherently dangerous place of residence.

(m) And Defendants were otherwise negligent and reckless.

8. While Plaintiff lived or spent time at the aforementioned premises, quantities of peeling lead-based paint, loose lead-based paint chips, and lead-based paint powder were exposed in and around the house as a direct and proximate result of the acts and/or omissions of Defendants and/or agents, servants and/or employees. The lead-based paint chips and powder were left in areas easily and foreseeably accessible to small children. Throughout Plaintiff's time at the property, lead-based paint was peeling from and exposed on the interior and exterior walls, baseboards and windowsills of the house and within reach of Plaintiff. Defendants at all times pertinent to this case failed to fully correct the conditions that resulted in the exposure of Plaintiff to lead-based paint: that is, the lead-based paint chips and dust and the peeling lead-based paint on the walls and trim of the house.

9. As a direct and proximate result of the ingestion and consumption of paint containing lead pigment and/or lead in the premises, Plaintiff contracted, and was caused to suffer, lead poisoning. These symptoms included, but were not limited to, nausea, vomiting, loss of weight, lethargy, etc. Plaintiff asserts that he suffered ongoing severe physical pain as well as emotional anguish, permanent disability and brain injury, including injuries involving the head, neck, body and limbs as well as the central nervous system.

10. As a proximate result of the negligence of Defendants as recited herein, Plaintiff was caused to endure intensive and intrusive treatment, ongoing medical care for long periods of time, was required to continue under the treatment of physicians and other health care providers and was precluded from engaging in the activities and pursuits of normal young children.

11. Further, it is alleged that Plaintiff has been and will be prevented from engaging in and pursuing any of the usual activities and pursuits of normal adolescents and adults. Plaintiff asserts that he suffered permanent and severe brain injuries which have and will prevent him from

enjoying a normal childhood, adolescence and adulthood, including the ability to pursue education, marry and enjoy a normal life. Additionally, Plaintiff alleges that the negligence and wrongful conduct on the part of Defendants has and will continue to prohibit Plaintiff from engaging in any gainful occupation, activity and/or pursuit, as well as from performing any duties requiring the full and normal use of his mind, body and limbs. Plaintiff asserts that all of the injuries, damages and severe permanent disability inflicted upon Plaintiff are due solely to the wrongful and negligent acts and conduct as well as omissions to act on the part of Defendants herein, Plaintiff being in no way contributorily negligent.

12. Plaintiff alleges each Defendant personally committed, inspired, or participated in the alleged negligent acts, including, but not limited to, the statutory violations outlined in paragraph 7.

WHEREFORE Plaintiff, as particularly identified in paragraphs 3(a) and (b) bring this action against Defendants and each of them, as particularly identified in paragraphs 3(a) and (b), jointly and severally (in multiple-Defendant-per-property instances), and claims damages in an amount exceeding $75,000, for each property.

## COUNT TWO
## NEGLIGENT MISREPRESENTATION

13. Plaintiff incorporates in this Count those facts set forth and alleged in all other Counts herein, as well as in the "Facts Alleged" section hereinabove, intending that each and every such allegation be deemed part hereof as if the same were repeated herein.

14. That prior to the purchase of the aforementioned premises, Defendants herein negligently made false representations to Plaintiff and his family. Those explicit and implicit negligent misrepresentations included but were not limited to a) that the premises were free of lead-based paint, b) that the premises were in habitable condition, c) that the premises would be

maintained in a habitable condition throughout the tenancy and/or time spent there, d) that the premises were in compliance with all applicable statutes, codes and regulations pertaining to rental properties, e) that the premises would be kept in compliance with all applicable statutes, codes and regulations pertaining to rental properties throughout the tenancy and/or time spent there and f) that the premises were safe for residency and/or visitation by minor children. Plaintiff asserts that Defendants made these false representations to Plaintiff and his family intending that they would rely on these representations in entering into and remaining in a lease for the premises. Furthermore, Defendants knew or should have known that Plaintiff and his family would rely on the misrepresentations which, if false, would cause injury to Plaintiff.

15. Plaintiff asserts that Plaintiff and his family reasonably and justifiably relied on the misrepresentations of Defendants herein and suffered injuries including but not limited to brain injury due to lead paint poisoning.

WHEREFORE Plaintiff, as particularly identified in paragraphs 3(a) and (b) brings this action against Defendants and each of them, as particularly identified in paragraphs 3(a) and (b), jointly and severally (in multiple-Defendant-per-property instances), and claims damages in an amount exceeding $75,000, for each property.

## COUNT THREE
## PRIVATE NUISANCE

16. Plaintiff incorporates in this Count those facts set forth and alleged in all other Counts herein, as well as in the "Facts Alleged" section hereinabove, intending that each and every such allegation be deemed part hereof as if the same were repeated herein.

17. Plaintiff resided, visited, and spent significant amounts of time at the addresses particularly identified in paragraphs 3(a) and (b). At these addresses, Plaintiff was exposed to lead-based paint from approximately 2001 through approximately 2006.

18. Plaintiff's exposure to lead-based paint caused substantial and unreasonable interference with Plaintiff's use and enjoyment of the home.

19. Said interference was so substantially unreasonable that Plaintiff had suffered a diminution in the use of the property.

20. Plaintiff suffered severe and unremitting illness, injury and infirmities.

21. Defendants' allowance of lead-based paint in homes constituted a nuisance.

22. Defendants' conduct was unreasonable and imposed immediate, substantial, and irreparable injury upon Plaintiff.

23. WHEREFORE Plaintiff, as particularly identified in paragraph 3(a) and 3(b), brings this action against Defendants and each of them, as particularly identified in paragraph 3(a) and (b), jointly and severally (in multiple-Defendant-per-property instances), and claim damages in an amount exceeding $75,000, for each property.

Respectfully submitted,

_____
Cara L. O'Brien

_____
Matthew B. Thompson
**EVAN K. THALENBERG, P.A.**
216 East Lexington Street
Baltimore, Maryland 21202
410-625-9100 (p)
410-625-9200 (f)
cobrien@ektlaw.com
mthompson@ektlaw.com
Attorneys for Plaintiff

## ELECTION FOR JURY TRIAL

Plaintiff elects to have this case tried before a jury.

_____
Cara L. O'Brien