IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAAL MCCALLISTER | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-21-1639 |
| CITI MORTGAGE, INC., et al. | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM

Plaintiff Jamaal McCallister sued several defendants in the Circuit Court for Baltimore City seeking to recover on various tort law claims arising from his alleged exposure to lead paint at two properties located in Baltimore, Maryland. (*See* Compl., ECF No. 3.) After Plaintiff agreed to dismiss the non-diverse defendants, Defendant CitiMortgage filed a notice of removal. (*See* Notice of Removal, ECF No. 1.) Pending now before the Court are Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 10), and Motion to Remand (ECF No. 11). Plaintiff's proposed First Amended Complaint seeks to add a previously dismissed non-diverse Defendant, a development that would eliminate this Court's diversity jurisdiction and require remand. Both Motions are ripe for review and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion for Leave to File a First Amended Complaint and Motion to Remand will both be GRANTED.

### I.   *Background*

On October 16, 2020, Plaintiff—a Maryland citizen, (*see* Compl. at 1)—filed suit in the Circuit Court for Baltimore City against Defendants CitiMortgage, Inc., CitiFinancial Mortgage,

1

Co., Inc., CMINY, Inc. ("Citi Defendants"), Ella J. Robinson, Walter Johnson, and Patricia Johnson. (*See* Compl.) Defendant CitiMortgage is incorporated in New York and has its principal place of business in Missouri. (*See* ECF No. 1 ¶ 10; ECF No. 1-4 at 2.) CitiMortgage was formerly known as CMNIY, Inc., (*see* ECF No. 1 ¶ 12; ECF No. 1-7 at 2), and is a successor by merger to the former New York corporation CitiFinancial Mortgage, Inc.[1] (*See* ECF No. 1 ¶ 11; ECF No. 1-7 at 2.) CitiMortgage was incorporated in New York in all its incarnations, though CitiFinancial Mortgage, Inc.'s principal place of business was in Connecticut. (*See* ECF No. 1-5 at 2.) Defendant Ella J. Robinson is a citizen of Virginia. (*See* ECF No. 1 ¶ 8.) Walter Johnson and Patricia Johnson are both citizens of Maryland.[2] (*See id.* ¶ 5.)

Plaintiff's state court Complaint alleged claims for negligence, negligent misrepresentation, and private nuisance resulting from Plaintiff's alleged exposure to lead paint at two locations: 1235 N. Bentalou Street, Baltimore, Maryland ("1235 N. Bentalou Street") and 2008 Penrose Avenue, Baltimore, Maryland ("2008 Penrose Avenue"). (*See generally* Compl.) Plaintiff named the Citi Defendants and Ella J. Robinson in connection with 1235 N. Bentalou Street and Walter and Patricia Johnson in connection with 2008 Penrose Avenue. He purported to sue Defendants jointly and severally "in multiple defendant-per-property instances."[3] (Compl. ¶¶

---

[1] According to Defendant CitiMortgage, CitiFinancial Mortgage, Inc. "no longer exists as a separate entity as a result of its prior merger into CitiMortgage, Inc." (ECF No. 13 at 2.)

[2] The parties do not dispute the citizenship of these individuals and entities.

[3] Maryland recognizes joint and several liability among "two or more persons" who are "liable in tort for the same injury to person or property, whether or not judgment has been recovered against some or all of them." *See* Md. Code Ann., Cts. Jud. Pro. § 3-1401 *et seq.* (West 2021). Plaintiffs argue that Mr. Johnson should be joined because he may be found jointly and severally liable with the Defendants sued in connection with 1235 N. Bentalou Street. (ECF No. 10-4 at 7.) Defendant CitiMortgage says that this argument fails because Plaintiff's state court Complaint, (see Compl. ¶¶ 4, 12, 15, 23), and Proposed Amended Complaint, (see ECF No. 10-2 ¶¶ 4, 12, 15, 23), both seek to recover jointly and severally only "in multiple-Defendant-per-property instances." (ECF No. 13 at 8 n.5.) It appears that under Maryland law, all Defendants who are found liable in this case would be jointly and severally liable for the totality of Plaintiff's alleged injury regardless of Plaintiff's pleading. Even if joint and several liability functions as Defendant CitiMortgage contends it should—in which joint and several liability is confined to alleged tortfeasors who collectively owned an individual property—the factfinder would still be faced with the complicated task of apportioning fault among all liable Defendants. This process would be made more difficult if Mr. Johnson is not re-joined—even if the 2008 Penrose Avenue Defendants are not jointly and severally liable for any damages for which

2

12, 15, 23.) On June 7, 2021, Plaintiff entered into a stipulation of dismissal without prejudice with Walter and Patricia Johnson because they lacked insurance coverage or sufficient assets to cover a potential judgment. (*See* Stipulation of Dismissal, ECF No. 10-1; *see also* ECF No. 13 at 8, 10; Affs. of Walter and Patricia Johnson, ECF No. 13-2.) With only non-Maryland Defendants remaining, Defendant CitiMortgage filed a timely notice of removal on July 2, 2021. (ECF No. 1.) Twenty days later, Plaintiff moved to amend his Complaint to add Mr. Johnson[4]—a Maryland citizen—and remand the action to state court. (*See* ECF Nos. 10, 11.)

## *II. Legal Standard*

When federal courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), there must be "complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."[5] *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Although Federal Civil Rule 15(a)(2) instructs courts to grant a party leave to amend a pleading "freely" and "when justice so requires," courts must proceed with greater caution when the amended pleading would destroy complete diversity. Fed. R. Civ. P. 15(a)(2). When a plaintiff seeks to join a non-diverse defendant following removal, the Court may either "deny joinder, or permit joinder and remand the action" to state court. 28 U.S.C. § 1447(e). This decision is "committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). In exercising this discretion, the Court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory

---

the 1235 N. Bentalou Street Defendants are liable. The Court therefore finds Defendant CitiMortgage's argument unavailing even if correct.

[4] Defendants allege that Ms. Johnson is in active military service and is thus incapable of being rejoined. (ECF No. 13 at 3 n.1.) Because the Court allows Plaintiff to add Mr. Johnson and remands this matter to state court, it does not reach this argument.

[5] § 1332 requires only minimal diversity in class actions filed pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005).

3

in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 462 (internal citations and quotations omitted). "[T]he diverse defendant has an interest in keeping the action in federal court," *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990), and courts must detect efforts to avoid federal jurisdiction "[e]specially where . . . a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place . . . ." *Mayes*, 198 F.3d at 463. That said, these considerations are balanced against the possibility that retaining jurisdiction might cause "parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." *Id.*

### III. *Analysis*

Plaintiff seeks to amend his complaint to name Mr. Johnson—who is a citizen of Maryland and was previously dismissed from this action without prejudice in state court—as a defendant in connection with 2008 Penrose Avenue, and to remand this action to the Circuit Court for Baltimore City. (*See* ECF Nos. 10, 11.) In support of these Motions, Plaintiff asserts that Federal Rule of Civil Procedure 15(a) permits the Court to grant leave to amend his Complaint "when justice so requires" and in the absence of "bad faith." (ECF No. 10-4 at 4); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff analogizes his motives for seeking to amend his Complaint to this Court's decision in *Shilling v. Nw. Mut. Life Ins. Co.*, in which a plaintiff's decision to dismiss his federal claim—thereby destroying the court's federal question jurisdiction—was "not evidence of bad faith." 423 F. Supp. 2d 513, 519 (D. Md. 2006) (finding that such "jurisdictional maneuvering" is permissible because "a plaintiff is entitled to allege in state court whatever claims he chooses and then dismiss them, with leave of court, upon removal").[6]

---

[6] As explained, post-removal motions to join parties whose presence in the action would destroy the Court's diversity jurisdiction are governed by 28 U.S.C. § 1447(e), even when Rule 15 would conflict. *See* 14C Charles

4

In opposition, Defendant CitiMortgage argues that Plaintiff's sole reason for seeking to re-join Mr. Johnson is to defeat diversity jurisdiction, presenting evidence that Plaintiff's counsel previously achieved remand in a similar lead paint case in bad faith. (*See* ECF No. 13 at 3–5, 6 n.4.) Applying the factors outlined in *Mayes*, Defendant CitiMortgage contends that Plaintiff's sudden post-removal decision to amend his Complaint—with the alleged knowledge that recovery against Mr. Johnson is unlikely and after dismissing him from the state court action—reveals "an overt effort to destroy this Court's diversity jurisdiction." (*Id.* at 5.) Plaintiff avers that destroying diversity jurisdiction is not his only motive for seeking to amend his Complaint and that his legitimate claim against Mr. Johnson raises the danger that failure to re-join Mr. Johnson could cause inconsistent federal and state court rulings. (*See* ECF No. 16 at 3–6.)

To evaluate these arguments, the Court first turns to the *Mayes* factors that are generally determinative in multi-defendant lead paint cases, then considers the unique countervailing factors presented by this case, and then balances the equities. *Mayes*, 198 F.3d at 462.

### A. *Determinative Factors in Lead Paint Cases*

The Court must anticipate the possibility that failing to join a non-diverse defendant may result in inconsistent federal and state court judgments and the inefficient expenditure of judicial resources. *See Mayes*, 193 F.3d at 463 (citing *Coley*, 138 F.R.D. at 465). Importantly, a potential defendant need not satisfy the rigorous requirements needed to establish a Rule 19 necessary party to be appropriately joined pursuant to 28 U.S.C. § 1447(e).[7] *Compare Smith v. Truland Sys., Corp.*,

---

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739.1 (Rev. 4th ed. Apr. 2021) ("[Section 1447(e)] leaves the joinder issue to the discretion of the district court. Discretion exists even when the amendment of the complaint ordinarily would be 'as a matter of course' under Federal Civil Rule 15(a)(1)."). Because *Shilling* applies Rule 15 and does not implicate 28 U.S.C. § 1447(e), the Court rejects Plaintiff's analogy comparing tactical post-removal joinder of a non-diverse defendant to a plaintiff's right to dismiss a federal claim in order to destroy federal question jurisdiction. *See Shilling*, 423 F. Supp. 2d at 519–20.

[7] A party is necessary if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

5

Civ. No. DKC-09-1422, 2009 WL 3833980, at *2 (D. Md. Nov. 13, 2009) (joining non-diverse defendant without conclusively determining that he was a necessary party because "Rule 19 [did] not apply"), *with Sodibar Sys., Inc. v. Simon*, Civ. No. PWG-13-3399, 2014 WL 1276441, at *7 (D. Md. Mar. 26, 2014) (finding that the court would have joined a necessary—but non-diverse—party if the court had original jurisdiction over the matter). That a "case cannot be litigated properly without" the presence of the non-diverse defendant will support joinder and remand. *Sodibar*, 2014 WL 1276441, at *7.

The potential for these issues to arise is especially significant in lead paint cases where the fact finder must apportion liability among several different defendants. *See, e.g., Kelly v. IMC Mortg. Co.*, Civ. No. MJG-18-0996, 2018 WL 2688553 (D. Md. June 5, 2018); *Breighner v. Neugebauer*, Civ. No. WDQ-11-0163, 2011 WL 1230828 (D. Md. Mar. 30, 2011). In *Kelly v. IMC Mortg. Co.*, a plaintiff alleging lead paint exposure sought to add new non-diverse owners of a second property to the action—which was removed on the basis of diversity jurisdiction. *Kelly*, 2018 WL 2688553, at *1. Determinative to the court's decision to join the non-diverse defendant and remand to the state court was the concern that "parallel lawsuits" would occur, spawning inconsistent results. *Id.* at *3 (citing *Mayes*, 193 F.3d at 463). Like the present case, the "causes of action [were] exactly the same" among the named and proposed, non-diverse defendants, and there were issues that could not "be resolved without necessary inquiry into the precise allocation of causation and damages" for all defendants involved. *Id.* So too here.

---

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a); *see also McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020).

Even if all Defendants are found liable for Plaintiff's alleged lead exposure at 1235 N. Bentalou Street and 2008 Penrose Avenue in both federal and state court, it is possible that the federal and state court judgments would apportion liability differently. In addition to the danger of inconsistent judgments, there exists the related issue that Mr. Johnson's absence from the federal case could complicate factfinding. *See id.* ("There is a genuine risk that Plaintiff will not be able to litigate causation and damages without the alleged owners of both properties joined together in a single case."). Although there is more evidence in this case than in either *Kelly* or *Breighner* that would support a finding that Plaintiffs improperly seek to defeat diversity jurisdiction by adding Mr. Johnson,[8] the trial impediments and inconsistent judgments that might accompany a parallel state lawsuit against Mr. Johnson if the Court declines to grant Plaintiff leave to amend the Complaint still weigh heavily in the *Mayes* analysis.

### B.   *Countervailing Factors*

Although there is evidence indicating that Plaintiff only seeks to again name Mr. Johnson as a Defendant to defeat diversity jurisdiction, it cannot be said that his joinder would be fraudulent. The doctrine of fraudulent joinder is not directly applicable to the Court's analysis once a case has been removed.[9] *See Mayes*, 198 F.3d at 461 ("Since the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction[.]"). That said, it stands to reason that if a plaintiff has no hope of recovery against the defendant that is sought to be joined, it is more likely that the

---

[8] For example, the defendants in *Kelly* did not challenge the plaintiff's motives for seeking to join the non-diverse defendant. *See Kelly*, 2018 WL 2688553, at *2.

[9] Fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes*, 198 F.3d at 461. The defendant bears the heavy burden of demonstrating that the plaintiff does not have a "glimmer of hope" of success with a claim against the non-diverse defendant; there need only be "a slight possibility of a right to relief" to defeat a fraudulent joinder claim. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999); *see also Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015); *Balt. Cnty. v. Cigna Healthcare*, 238 F. App'x 914, 920 (4th Cir. 2007).

plaintiff in question only seeks to name the non-diverse defendant to attain remand. Although they are not the same inquiry, whether a prospective defendant would be fraudulently joined is relevant to help the Court evaluate whether a plaintiff only seeks to join the defendant to deprive the Court of subject matter jurisdiction. *Id.* at 463; *see also AIDS Counseling and Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003–04 (4th Cir. 1990). While "the absence of fraudulent joinder does not require acceptance of an amendment to the complaint that would result in remand," *Mansaray v. Mut. Benefit Ins. Co.*, Civ. No. PX-17-0098, 2017 WL 2778824, at *4 (D. Md. June 26, 2017) (internal citations and quotations omitted), if a "plaintiff has a substantive claim against the party to be joined," it is less likely that "the purpose of the amendment is to defeat federal jurisdiction." *Woods v. AlliedBarton Sec. Servs. LLC*, Civ. No. CCB-11-2831, 2012 WL 439694, at *3 (D. Md. Feb. 9, 2012).

Despite the validity of Plaintiff's claim against Mr. Johnson, Defendant CitiMortgage identifies several further facts to support its conclusion that Plaintiff's "sole purpose" in joining Mr. Johnson is to "destroy complete diversity." *Mar-Chek, Inc. v. Mfrs. and Traders Tr. Co.*, Civ. No. GJH-18-3765, 2019 WL 3067501, at *5 (D. Md. July 11, 2019). Plaintiff previously agreed to dismiss his claims against the Johnsons and only sought to again name Mr. Johnson as a defendant after Defendant CitiMortgage removed this case. (*See* ECF No. 10-1; ECF No. 13 at 3; ECF No. 13-1 at 4 (containing an email from Plaintiff's attorney saying, "I do intend to dismiss the Johnsons if you would add a line to the executed affidavits indicating a lack of substantial assets to enable them to cover a potential judgment")); *see also Mar-Chek*, 2019 WL 3067501, at *1, *5 (declining to join a non-diverse defendant where the plaintiff previously stipulated to the dismissal of the non-diverse defendant in the state court proceeding). Defendant CitiMortgage further cites Plaintiff's "failure to answer any of the Johnsons' discovery" in state court as evidence

8

that Plaintiff does not actually intend to pursue his claims against Mr. Johnson. (ECF No. 13 at 6.) Finally, Defendant CitiMortgage also alleges that Plaintiff's counsel employed the same method of obtaining remand in a previous lead paint case and never actually pursued claims against the non-diverse defendant in state court.[10] (ECF No. 13 at 6 n.4.)

While the Court seeks to determine a plaintiff's motivations for moving to join a non-diverse defendant, it does not engage in predicting post-remand behavior. Where the plaintiff states a colorable claim against the potential defendant, it is inappropriate to speculate whether such a claim will be pursued against the potential defendant upon remand. The Court will only consider concrete evidence to this effect. *See Mar-Chek*, 2019 WL 3067501, at *5 (declining to join a non-diverse defendant against whom the plaintiff "conceded that it does not plan to actually litigate claims"). That Plaintiff's lawyer may have previously engaged in tactical joinder just to bring the action back to state court, with no intention of pursuing claims against the diversity-destroying defendant, is therefore not dispositive. Moreover, although several additional factors make Plaintiff's motives appear suspect, they do not affect the validity of Plaintiff's legal claim against Mr. Johnson. At bottom, Plaintiff properly alleges that Mr. Johnson owned a house where he was exposed to lead paint from 2004 to 2006. (*See* Compl. ¶ 3(b); ECF No. 10-4 at 2.) Thus, while the Court is not compelled to join Mr. Johnson simply because such joinder would not be fraudulent, *see Mansaray*, 2017 WL 2778824, at *4, this reality establishes that Plaintiff's motive for seeking to amend his Complaint is not dispositive to the *Mayes* inquiry.

---

[10] The Court further observes, though Defendant CitiMortgage does not argue, that the general thrust of Plaintiff's argument in his Motion to Amend—comparing his sought joinder of Mr. Johnson to a plaintiff properly dismissing a federal claim to destroy federal subject matter jurisdiction—suggests that his motivation in seeking to amend his Complaint may be to obtain remand to state court. (ECF No. 10-4 at 6–7.) As explained, Plaintiff's facially valid claim against Mr. Johnson overcomes this consideration.

9

Defendant CitiMortgage correctly points out its legitimate interest in preserving access to a federal forum—an interest that "should not be 'easily overcome by tactical maneuvering by plaintiffs.'" *C.A. ex rel. Achumba v. Am. Honda Motor Co.*, Civ. No. RWT-09-2159, 2009 WL 4730506, at *3 (D. Md. Dec. 1, 2009) (citing *McKinney v. Bd. Of Trs.*, 955 F.2d 924, 927 (4th Cir. 1992)); *see also Coley*, 138 F.R.D. at 465 ("[T]he diverse defendant has an interest in keeping the action in federal court."). In this case, however, this important interest does not overcome Plaintiff's legitimate claim against Mr. Johnson and the potential for that claim to create problematic, parallel federal and state court litigation.

### C.  *Balancing the Equities*

The remaining *Mayes* factors—the timing of Plaintiff's Motion to Amend and Plaintiff's potential injury if Mr. Johnson is not joined—are indeterminate. *See Mayes*, 198 F.3d at 462–63. When a plaintiff is slow to name a defendant whose presence in the litigation happens to destroy complete diversity, the delay may suggest that the plaintiff simply seeks to defeat federal subject matter jurisdiction absent another plausible explanation. *See Brundage v. MV Transp., Inc.*, Civ. No. SAG-16-3634, 2017 WL 1207584, at *3 (D. Md. Apr. 3, 2017). It can hardly be said that Plaintiff was delayed seeking to add Mr. Johnson to this lawsuit: the Complaint originally filed in state court names him as a defendant. (*See* Compl.) As Defendant CitiMortgage observes, however, Plaintiff's swift backpedaling to add Mr. Johnson twenty days after the case was removed and less than two months after agreeing to dismiss Mr. Johnson in state court (albeit without prejudice) is, at a minimum, questionable. (*See* ECF No. 13 at 5); *see also C.A. ex rel. Achumba*, 2009 WL 4730506, at *2 (declining to join non-diverse defendant where "Plaintiffs filed their motion less than one month after the Court's Order granting Defendants jurisdictional discovery, and less than one month before scheduled depositions"). The timing of Plaintiff's

Motion to Amend can be read to support both Plaintiff's and Defendant CitiMortgage's arguments, and therefore adds little to the analysis.

Plaintiff's potential injury similarly can be interpreted to support either retaining jurisdiction or joinder and remand. A plaintiff who is denied joinder is less likely to be significantly injured if recovery against the non-diverse defendant is unlikely. That said, a "[p]laintiff may add a party even if full relief between the existing parties is available without the new party." *Truland Sys. Corp.*, 2009 WL 3833980, at *2 (granting leave to amend non-diverse defendant and remanding the case to state court). If, as he warrants in his affidavit, (*see* ECF No. 13-2 at 2), Mr. Johnson lacks sufficient assets to cover the judgment, that fact would counsel against finding that Plaintiff would suffer significant injury if joinder is not permitted. However, Plaintiff may still face the challenge of litigating the same lawsuit in two different courts if the Court does not grant him leave to amend his complaint. This factor therefore does not conclusively support either outcome prescribed by 28 U.S.C. § 1447(e).

This is assuredly a close case. Several factors support denying Plaintiff's Motion to Amend and retaining jurisdiction, while others favor joinder and remand. When the Court's jurisdictional footing is ambiguous in a removal action, all doubts must be resolved "in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 701–02 (D. Md. 1997) (internal citations and quotations omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (acknowledging that state sovereignty requires federal courts to "scrupulously confine" their jurisdiction to precise statutory limits); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *Herold v. Knight*, Civ. No. RDB-19-2138, 2020 WL 886304, at *3 (D. Md. Feb. 24, 2020); 13F Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3641.1 ( 3d ed. April 2021 update) ("If there are uncertainties regarding the existence of federal

subject matter jurisdiction, . . . they are to be resolved by the district judge in favor of the state court plaintiff, which will lead to the case being remanded to state court."). On balance, Plaintiff's facially valid claim against Mr. Johnson, the possibility of inconsistent federal and state court judgments, and the difficulty of adjudicating this dispute without Mr. Johnson as a party all outweigh the evidence suggesting that Plaintiff only seeks joinder to send this action back to state court.

Ultimately, Mr. Johnson allegedly owned property where Plaintiff was allegedly exposed to lead paint—and "'it makes legal and practical sense that the individual[s] alleged to be specifically responsible for the incident giving rise to plaintiff's action should be [defendants].'" *Truland Sys. Corp.*, 2009 WL 3833980, at *2 (citing *Anderson v. CSX Sealand, Inc.*, Civ. No. 96-1642, 1997 WL 16617, at *2 (E.D. La. Jan. 14, 1997)). The Court therefore grants Plaintiff leave to amend his Complaint to again name Mr. Johnson as a defendant and remands the case to the Circuit Court for Baltimore City pursuant to 28 U.S.C. § 1447(e).

### IV. Conclusion

For the foregoing reasons, an order will issue granting Plaintiff's Motions to Amend and Remand (ECF Nos. 10, 11) consistent with this Memorandum.

DATED this __16__ day of November, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge